IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | * |
| Plaintiff, | * |
| vs. | * CASE NO. 4:18-CV-64 (CDL) |
| NIKITA BELL, *et al.*, | * |
| Defendants. | * |

O R D E R

Plaintiff Atain Specialty Insurance Company filed a motion for service by publication on Defendant Eric Perkins. For the reasons set forth below, the motion (ECF No 31) is granted.

Under Federal Rule of Civil Procedure 4(e)(1), an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Georgia law permits service by publication "[w]hen the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons." O.C.G.A. § 9-11-4(f)(1)(A). If the Court finds that a claim exists against the defendant to be served and that the defendant is a necessary or proper party,

the Court "may grant an order that the service be made by the publication of summons." *Id.*

Here, Atain seeks a declaration regarding its obligations under a liability insurance policy it issued to South East Enterprise Group, LLC. South East owns the property located at 6499 Veterans Parkway in Columbus, Georgia. Chardwalker, LLC leases one of the commercial units at that property and operates a bar called Outlaws Saloon. In an underlying wrongful death lawsuit, Nikita Bell alleges that her son Marquis Brown was struck in the head by an Outlaws security guard named Eric Perkins. Brown died of his injuries. In this declaratory judgment action, Atain claims that it has no duty to defend or indemnify the defendants in the underlying lawsuit. The Court finds that a claim exists against Perkins and that he is a necessary or proper party in this action.

The next question is whether Atain presented enough evidence to show that it could not locate Perkins despite the exercise of due diligence. Before ordering service by publication, the Court must find that service by publication satisfies due process; "[w]here the defendant's address is unknown, service by publication is constitutionally permissible upon a showing that reasonable diligence has been exercised in attempting to ascertain the defendant's whereabouts." *McDade v. McDade*, 435 S.E.2d 24, 26 (Ga. 1993).

2

Based on the affidavits submitted by Atain, Atain took the following actions to locate Perkins. First, Atain attempted to serve Perkins personally at his last known address. The resident at that address informed the process server that Perkins did not live there. Atain then used available internet searches and Westlaw People Finder to seek an updated address for Perkins. Based on these searches, Atain found an updated address for Perkins and attempted to serve him personally at the updated address. But, according to the leasing office, Perkins did not live at that address. From this evidence, the Court is satisfied that Atain exercised reasonable diligence in trying to ascertain Perkins's whereabouts. The Court therefore finds it appropriate to order service on Perkins by publication in accordance with the procedures set forth in O.C.G.A. § 9-11-4(f)(1)(C).

The Court orders Atain to coordinate publication of the notice on Perkins in each newspaper in which Atain wishes to have the notice published. Atain shall determine the procedures for placing the notice in each newspaper. For each newspaper, Atain shall:

1. Prepare for the Clerk of Court's signature a cover letter to the publisher providing instructions for publishing the notice in accordance with the requirements of O.C.G.A. § 9-11-4(f)(1)(C);

2. Provide to the Clerk a check made out to the publisher for the cost of publishing the notice; and

3

3. Prepare and submit to the Clerk a proposed notice to be published. The proposed notice shall comply with the requirements of O.C.G.A. § 9-11-4(f)(1)(C).

Once Atain provides the cover letter(s), check(s), and proposed notice(s) to the Clerk, the Clerk shall submit these items to the publisher(s) and cause publication of the notice(s) and shall note on the docket when this task is complete. Once publication is complete, Atain shall obtain and submit to the Court a publisher's affidavit demonstrating that the notice(s) was published in accordance with O.C.G.A. § 9-11-4(f)(1)(C).

Within fifteen days of the date of this Order, the Clerk shall send, via first class mail, the following items to Eric Perkins at his last two known addresses (106 Carrington Green Pkwy, McDonough, Georgia 30252 and 7401 Blackmon Rd Apt. 2202, Columbus, Georgia 31909):

1. A copy of the published notice;
2. A copy of this Order; and
3. A copy of the Complaint.

After these items are mailed to Perkins, the Clerk shall make a note on the docket that this task is complete.

IT IS SO ORDERED, this 7th day of September, 2018.

                                            S/Clay D. Land
                                            CLAY D. LAND
                                            CHIEF U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA